there was testimony tending to show that he was in prior peaceable possession of the premises; and it is to be presumed that the jury found that the plaintiff had the prior and best right to the possession." In that case the plaintiff relied on what was considered defective documentary title in addition to his possession. In Hutchinson v. Perley, 4 Cal. 33, the court said, "Possession is always prima-facie evidence of title; and proof of prior possession is enough to maintain ejectment against a mere naked trespasser." In Hicks v. Davis, Id. 67, the court said, "The action is for the recovery of land upon a claim of title based upon uninterrupted prior possession for several (three) years. We have always determined that possession is prima facie evidence of title, and this principle is firmly fixed in all common-law jurisprudence. That its efficacy has been impaired by modifications and conditions, by some judges in other countries, is clearly manifested by the decisions. But unlike these, I see no reason to depart from the strictest simplicity and directness in the application of the rule." In Winans v. Christy, 4 Cal. 70, the court say, This was not a case of mere "possession, but possession coupled with color of title, which must prevail except where a better title is shown in the defendants." "Neither are the plaintiffs although they alleged in their declaration a fee-simple title, compelled to prove the same. They could properly rely upon prior possession if they choose to do so." In Bequette v. Caulfield, 4 Cal. 278, the court say, "Possession gives a right of action against a mere trespasser, even where title may be shown to exist in another."

The doctrine sustained by this unbroken current of authority in this state, is maintained by the state tribunals in Connecticut, Vermont, Ohio, Kentucky, Virginia, and Tennessee, and by a recent decision of the supreme court of New York. It has received the approval of the supreme court of the United States. In Christy v. Scott, 14 How. [55 U. S.] 282, Mr. Justice Curtis, delivering the opinion of the court, uses the following language: "But a mere intruder cannot enter upon a person actually seized, eject him, and then question his title, or set up an outstanding title in another. The maxim that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's, is applicable to all actions for the recovery of property. But if the plaintiff had actual prior possession of the land, this is strong enough to enable him to recover it from a mere trespasser, who entered without any title." He may do so by a writ of entry, where that remedy is practiced, or by an ejectment, or he may maintain trespass.

I have, gentlemen of the jury, contrary to my usual custom, cited authorities to sustain the conclusion to which I have come, and shall embody in an instruction to you. This has been done, because it has been urged with great earnestness by counsel in this case, that the general rule which requires a plaintiff in ejectment to recover upon the strength of his own title, enables a mere trespasser to maintain his possession if he can discover defects in any of the links of the chain of testimony which establishes the title of the plaintiff whom he has disseized. Such views have been sustained, perhaps, by some judges. Such views are akin to that doctrine which formerly obtained, in semi-civilized times, in England, and has been characterized as—

"That good old rule, that simple plan,
  That those should take who have the power,
  And those should keep, who can."

Such is not the law which has been enunciated by the highest judicial tribunal of this state, nor by the supreme court of the United States. I therefore instruct you that, first, if you find from the evidence that the documentary title of the plaintiff has been accompanied by possession of the premises, his title, whether his documentary title be a perfect legal title or not, is sufficient to maintain this action against these defendants; and, second, if you find that the defendants entered upon the possession of plaintiff, such entry was tortious, and defendants showing no title are to be deemed trespassers; and that the rule that a plaintiff must recover upon the strength of his own title, and not upon the weakness of defendant's, is not applicable to a case like the present, but must be qualified to meet its circumstances.

Verdict—"Guilty."

---

TURNER (ALEXANDER v.). See Case No. 176.

---

## Case No. 14,250.

### TURNER v. ALTON.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 14,251.

### TURNER v. AMERICAN BAPTIST MISSIONARY UNION.

[5 McLean, 344.] [1]

Circuit Court, D. Michigan. June Term, 1852.

PUBLIC LANDS—TREATIES WITH INDIANS—RESERVATION OF PUBLIC LANDS—PLEADING IN EQUITY —INJUNCTION TO STAY EJECTMENT SUIT.

1. A state has no power over the public lands within its limits.

2. When the state of Michigan was admitted into the Union, it assented to a compact, which inhibited the exercise of this power.

3. A treaty is the supreme law of the land, only, when the treaty-making power can carry it into effect.

4. A treaty which stipulates for the payment of money, undertakes to do that which the treaty-

[1] [Reported by Hon. John McLean, Circuit Justice.]